UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL ARTHUR PATTON,

      Petitioner,

v.                                      CASE NO. 6:14-cv-1082-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 6). Petitioner filed a reply to the response (Doc. 21).

Petitioner alleges two claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

## I.    PROCEDURAL HISTORY

Petitioner was charged by information with robbery with a firearm (count one), false imprisonment (count two), possession of a firearm by a convicted felon (count three), and misdemeanor battery (count four) (Doc. 15-1 at 16-17). Petitioner entered into a negotiated plea whereby he agreed to plead guilty to counts one and three, and in exchange, the State agreed to enter a nolle prosequi with respect to counts two and four.

*Id.* at 20. On November 5, 2010, the trial court sentenced Petitioner to a twenty-year term of imprisonment with a ten-year minimum mandatory term for count one and to a concurrent fifteen-year term of imprisonment with a three-year minimum mandatory term for count three. *Id.* at 27-28. Petitioner did not appeal.

On April 14, 2011, Petitioner filed a motion to mitigate sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure.[1]  *Id.* at 31-32. The trial court denied the motion as untimely on April 27, 2011. *Id.* at 41. Petitioner did not appeal.

Petitioner then filed a Rule 3.850 motion for post-conviction relief on October 15, 2012. *Id.* at 44-60. The trial court dismissed the motion without prejudice and granted Petitioner leave to file an amended motion. *Id.* at 63-64. Petitioner filed an amended motion on December 12, 2012. *Id.* at 66-85. On February 15, 2013, the trial court summarily denied the motion. *Id.* at 96-99. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on June 18, 2013. *Id.* at 104. Mandate issued on July 12, 2013. *Id.* at 105.

Petitioner subsequently filed a petition for writ of habeas corpus with the Fifth DCA on December 16, 2013. *Id.* at 107-112. The Fifth DCA dismissed the petition on

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

January 21, 2014. *Id.* at 116. Petitioner filed his federal habeas petition on June 27, 2014

(Doc. 1).

## II.   TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment of
a State court.   The limitation period shall run from the latest of --

 (A)   the date on which the judgment became final by the
consideration of direct review or the expiration of the time for
seeking such review;

 (B)   the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws
of the United States is removed, if the applicant was
prevented from filing by such State action;

 (C)   the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

 (D)   the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

(2)   The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any
period of limitation under this section.

28 U.S.C. § 2244(d).

Petitioner did not appeal his convictions and sentences. Consequently, the one-

year limitations period began to run on December 6, 2010, or thirty days after the time for

filing a direct appeal expired.[2] *See* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30–day period for filing a direct appeal expires). Therefore, under § 2244(d)(1)(A), Petitioner had through December 6, 2011, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed his Rule 3.800(c) motion on April 14, 2011. However, this motion did not toll the statute of limitations. *See Baker v. McNeil*, 439 F. App'x 786, 788-89 (11th Cir. 2011) (finding a motion for discretionary sentence reduction, filed pursuant to Rule 3.800(c), is not an application for state post-conviction or other collateral review and distinguishing *Wall v. Kholi*, 562 U.S. 545 (2011)); *Clark v. Sec'y, Dep't of Corr.*, No. 3:11-cv-878-J-39JRK, 2014 WL 1389577, at *3 (M.D. Fla. Apr. 9, 2014). Therefore, the federal habeas petition, filed on June 27, 2014, is untimely.

The Court is aware that Petitioner filed other post-conviction motions in the state court. However, those proceedings did not toll the statute of limitations because the one-year period expired before Petitioner initiated those actions. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A

---

[2] The last day of the thirty-day period was Sunday, December 5, 2010. Therefore, the period was extended to the next business day, Monday, December 6, 2010. Fed. R. Civ. P. 6(a)(1).

4

state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Consequently, the instant habeas petition is untimely.

To overcome his untimely filing, Petitioner contends that he is actually innocent (Doc. 1-1 at 14). The Supreme Court of the United States has held that actual innocence, if proved, may serve as a gateway through which a habeas petitioner may obtain review of his claims even if the one-year statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner does not support his allegation of innocence with new, reliable evidence that undermines the Court's confidence in the outcome of his criminal proceedings. *See Schlup*, 513 U.S. at 316. Instead, Petitioner states that his confession to police was made in violation of his Fifth Amendment rights. Petitioner provides the affidavit of his wife to support his contentions (Doc. 1-1 at 16-18). In the affidavit, Mary Patton attests that the

5

police illegally entered their home, searched it without their permission, and asked them questions without reading them their *Miranda* rights. *Id.* This is not new evidence because it was available at the time Petitioner entered his plea. Additionally, the evidence merely relates to the legal sufficiency of Petitioner's conviction and does not demonstrate his factual innocence. Thus, Petitioner has failed to demonstrate that his untimely petition should be excused.

To the extent Petitioner also argues that one-year period should be tolled pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), his argument fails. *See* Doc. 20 at 4. Petitioner's reliance on *Martinez* is misplaced. *Martinez* considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Id.* at 1313. The Eleventh Circuit has held that *Martinez* does not provide a basis for equitably tolling the AEDPA's statute of limitations. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946 (11th. Cir. 2014); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014). Consequently, Petitioner is not entitled to equitable tolling on this basis.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

## IV.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for

6

writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus filed by Michael Arthur Patton (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    Petitioner is **DENIED** a certificate of appealability.

3.    The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 25th day of March, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 3/25
Counsel of Record
Michael Arthur Patton

7